## Doehne's Petition.

*Liquor laws—License—Brewer's license—Act of March 27, 1923—Repealing clause—Acts of May 24, 1887, June 9, 1891, and July 30, 1897.*

1. While the Act. of March 27, 1923, P. L. 34, concerning alcoholic liquors, does not specifically repeal the acts pertaining to brewers, wholesalers and bottlers, it does repeal all acts or parts of acts that are inconsistent with it.

2. The Acts of May 24, 1887, P. L. 194; June 9, 1891, P. L. 257, and July 30, 1897, P. L. 464, relating to the licensing of brewers and wholesale dealers, provide only for licenses for dealing in intoxicating liquors.

3. The Act of March 27, 1923, P. L. 34, prohibits the manufacture and sale of intoxicating liquors, and repeals by implication the Acts of 1887, 1891 and 1897, because they are inconsistent with its provisions, and the courts are, therefore, without authority to grant a brewer's license to brew, sell and deal in spirituous or vinous, malt or brewed liquors.

Application for brewer's license. Q. S. Dauphin Co., Liquor License Docket No. 2.

*John McI. Smith* and *Charles H. Bergner,* for petitioner.

Fox, J., Dec. 10, 1923.—The petitioners, on Nov. 7, 1923, filed a petition for a license to "brew, sell and deal in spirituous or vinous, malt or brewed liquors, or any admixture thereof, in quantities not less than twelve (12) pint bottles, agreeably to the act of assembly in such case made and provided." The petition was made in the usual form as provided by the Act of Assembly of June 9, 1891, P. L. 257, and published as required by the said act of assembly.

Upon the day fixed to hear the same, the question was raised whether the court is now empowered to grant the license prayed for, and the same question is raised with respect to petitions filed for wholesale licenses and bottlers' licenses to other numbers.

The Act of Assembly approved March 27, 1923, P. L. 34, is an act entitled "An act concerning alcoholic liquors; prohibiting the manufacture, advertising, furnishing, traffic in and possession of intoxicating liquors for beverage purposes, and articles and substances designed or intended for use in the manufacture thereof; defining intoxicating liquor; providing for penalties, forfeitures and the abatement of nuisances, and repealing existing alcoholic liquor laws and alcoholic liquor license laws;" and by section 3 thereof provides: "It shall be unlawful for any person to manufacture, sell, offer for sale, barter, furnish, transport, possess, or deliver within, or import into, or export out of, this Commonwealth any *intoxicating* liquor for beverage purposes, except as hereinafter set forth." And in the repealing clause, section 18, repeals certain acts, but does not specifically repeal the acts pertaining to brewers, wholesalers and bottlers. It does, however, repeal all other acts or parts of acts not specifically mentioned that are inconsistent with it.

The acts which we find relating to brewers, wholesalers and bottlers pertinent to this inquiry, and we are not now considering the legislation which authorized brewers to apply to the State Treasurer for a license which enables them to sell to retailers only, are the following:

The Act of May 24, 1887, P. L. 194, which is entitled "An act providing for the licensing of wholesale dealers in *intoxicating liquors,*" and in section 1 provides: "That all wholesale dealers, brewers, distillers, rectifiers, compounders, storekeepers and agents having stores or offices within this Commonwealth, *dealing in intoxicating liquors,* either spirituous, vinous or malt, shall pay for each separate store, brewery, distillery, rectifying or compounding establishment or agency an annual license."

Doehne's Petition.

The Act of June 9, 1891, P. L. 257, entitled "An act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixture thereof, by wholesale," and by section 1 provides: "That all wholesale dealers, brewers, distillers, rectifiers, compounders, storekeepers and agents having stores or offices within this Commonwealth, *dealing in intoxicating liquors,* either spirituous, vinous, malt or brewed, shall pay for each separate store, brewery, distillery, rectifying or compounding establishment or agency *an annual license.*"

The Act of July 30, 1897, P. L. 464, entitled "An act to provide revenue and regulate the sale of malt, brewed, vinous and spirituous liquors, or any admixture thereof, by requiring and authorizing licenses to be taken out by brewers, distillers, wholesalers, bottlers, rectifiers, compounders, storekeepers and agents having a store, office or place of business within this Commonwealth, prescribing the amount of license fees to be paid in such cases, and by imposing an additional license fee on retail dealers in intoxicating liquors," which, in section 1, provides: "That all wholesale dealers, brewers, distillers, rectifiers, compounders, bottlers, storekeepers and agents having stores or offices within this Commonwealth, *dealing in intoxicating liquors,* either spirituous, vinous, malt or brewed, shall pay, for the use of the Commonwealth, for each separate store, brewery, distillery, rectifying, compounding or bottling establishment or agency an annual license fee, to be ascertained and fixed as follows: . . ." This act specifically repeals section 1 of the Act of June 9, 1891, P. L. 257.

In each one of these acts we have the same language, that all wholesalers, brewers, bottlers, etc., *"dealing in intoxicating liquors,* either spirituous, vinous or malt, . . . shall pay an annual license."* The licensee to be one *dealing in intoxicating liquor,* either spirituous, vinous, malt or brewed; he was not to be one dealing in spirituous, vinous, malt or brewed liquors, if they are not intoxicating, but the kind of spirituous, vinous, malt or brewed liquors for which he was to be licensed to sell was intoxicating.

The Act of May 13, 1887, P. L. 108, known as the Brooks High License Law, was an act "to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixture thereof," and the 1st section thereof provides: "That it shall be unlawful to keep or maintain any house, room or place, hotel, inn or tavern where any vinous, spirituous, malt or brewed liquors, or any admixture thereof, are sold by retail, except a license therefor shall have been previously obtained as hereinafter provided." This act related to retailers only, and prohibited the sale of vinous, spirituous, malt or brewed liquors, no matter what the alcoholic volume was, without a license.

In the case of Com. *v.* Reyburg, 122 Pa. 299, the court, construing the Brooks High License Act above referred to, amongst other things, at page 304, said: "If, however, any liquor which is sold without license is either vinous or spirituous, it comes within the prohibition of the act."

The Act of May 5, 1921, P. L. 407, known as the Woner Act, was an amendment to the Act of May 13, 1887, P. L. 108, and in section 20 thereof provided: "That from and after the passage of this act, any person who shall manufacture, sell, offer for sale, furnish, transport, import, export or possess any *intoxicating liquor,* within the State, for beverage purposes, except as hereinafter provided, shall be guilty of a misdemeanor." After the passage of the Woner Act, retailers, however, were still required to have licenses for the sale of spirituous, vinous, malt or brewed liquors, even though they were not intoxicating. The Brooks High License Law and the Woner Act were specially repealed by the Act of March 27, 1923, P. L. 34.

4 D. & C.

Doehne's Petition.

The Act of March 27, 1923, P. L. 34, prohibits the manufacture, sale, etc., of intoxicating liquors, and even if a license were granted by the court, it would only authorize the sale of liquors that are not intoxicating, but the only provision in the legislation to which we referred is that the only license which may be granted by the court is for the manufacture and sale of those which are intoxicating. To grant such a license would be doing a vain thing.

In the legislation referred to there is a constant distinction drawn between what retailers shall be licensed for and what brewers, wholesalers and bottlers shall be licensed for; the first for the sale, etc., of spirituoqus, vinous, malt or brewed liquors, whether intoxicating or not; the second for dealing in intoxicating liquors, either spirituous, vinous, malt or brewed. The brewers, wholesalers and bottlers were licensed to deal in but one kind of spirituous, vinous, malt or brewed liquor, and that was intoxicating. The Act of March 27, 1923, P. L. 34, prohibiting the sale, bartering, furnishing, . . . within this Commonwealth, of intoxicating liquors, we think rendered the acts which authorized the courts to grant licenses for dealing in intoxicating liquors inconsistent therewith and were thereby repealed, and the courts are without authority now to grant such licenses.

Wherefore, we are of the opinion that the prayer of the petitioner cannot be granted and should be dismissed.

And now, Dec. 10, 1923, it is hereby ordered, adjudged and decreed that the prayer of the petitioner be refused.

From Sidney E. Friedman, Harrisburg, Pa.